Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE TARONIS, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff(s),<br><br>                  -against-<br><br>FIRST NATIONAL COLLECTION BUREAU, INC. and JOHN DOES 1-25,<br><br>                  Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   GEORGE TARONIS
   159 Church Street
   South Orange, New Jersey 07079

   FIRST NATIONAL COLLECTION BUREAU, INC.
   50 W. Liberty Street, Suite 250
   Reno, Nevada 89501

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, FIRST NATIONAL COLLECTION

BUREAU, INC. ("FNCB") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FNCB maintains a location at 50 W. Liberty Street, Suite 250, Reno, Nevada 89501.

8. FNCB uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. FNCB is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from FNCB (See Exhibit A), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;
   
   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;
   
   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
   
   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to May 22, 2019, Plaintiff allegedly incurred a financial obligation to HSBC BANK NEVADA N.A. ("HSBC BANK").

19. Plaintiff allegedly incurred the HSBC BANK obligation in connection with medical services.

20. The HSBC BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the HSBC BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The HSBC BANK obligation did not arise out of a transaction that was for non-personal use.

23. The HSBC BANK obligation did not arise out of a transaction that was for business use.

24. The HSBC BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. HSBC BANK and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. At some time prior to May 22, 2019, the HSBC BANK obligation was purchased by and/or sold to LVNV FUNDING, LLC ("LVNV").

27. At the time the HSBC BANK obligation was purchased by and/or sold to LVNV, the obligation was in default.

28. On or before May 22, 2019, the HSBC BANK obligation was referred to FNCB by LVNV for the purpose of collection.

29. At the time the HSBC BANK obligation was referred to FNCB the HSBC BANK obligation was past due.

30. At the time the HSBC BANK obligation was referred to FNCB, it was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

31. Defendants caused to be delivered to Plaintiff a letter dated May 22, 2019, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

32. The May 22, 2019 letter was sent to Plaintiff in connection with the collection of the HSBC BANK obligation.

33. The May 22, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. Upon receipt, Plaintiff read the May 22, 2019 letter.

35. The May 22, 2019 letter provided the following information regarding the balance claimed due on the HSBC BANK obligation:

Balance:     $2,798.41

36. The May 22, 2019 letter stated in part:

> This is to advise you that a judgment has been entered against you. The judgment against you has been placed with our office for collection by our client LVNV Funding, LLC.
>
> As the date of this letter, you owe $2,798.41. Because of interest, **late charges,** and other charges that may vary from day to day, the amount due on the day you may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For more information, write the undersigned or call (800)-824-6191. (emphasis added).

37. As of the date of the May 22, 2019 letter, LVNV did not have the legal or contractual authority to assess late charges on the HSBC BANK obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

38. As of the date of the May 22, 2019 letter, FNCB did not have the legal or contractual authority to assess late charges on the HSBC BANK obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

39. LVNV never authorized FNCB to charge or add late charges to the balance of the HSBC BANK obligation.

40. At some time prior to May 22, 2019, late fees ceased being charged or added to the balance of the HSBC BANK obligation.

41. FNCB knew or should have known that its actions violated the FDCPA.

42. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

43. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d) Making a false representation of the character, amount legal status of the debt.

44. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

45. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

46. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

47. Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional late charges.

48. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

49. Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the HSBC BANK obligation would increase due to late charges.

50. Defendant's letters would cause the least sophisticated consumer to believe that the balance of the HSBC BANK obligation could increase due to late charges.

51. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the HSBC BANK obligation could increase due to late charges.

52. Defendants' representation that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges

violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

54. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

55. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to late charges.

56. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

57. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

58. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

59. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to late charges.

60. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding late charges.

61. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add late charges.

62. Defendants violated 15 U.S.C. § 1692e(2)(A) as late charges were no longer being assessed on the HSBC BANK obligation.

63. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

64. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional late charges when in fact the amount due would not and did not increase due to late charges.

65. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges.

67. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

72. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

73. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 19, 2019          Respectfully submitted,

By: *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: November 19, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff